IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN DEAN WENHOLD, | No. 4:22-CV-01873 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| C.O. H. SMITH, | |
| Defendant. | |

## MEMORANDUM OPINION

### APRIL 30, 2024

Plaintiff Jordan Dean Wenhold, a serial prisoner litigant, filed the instant *pro se* Section 1983[1] action in November 2022, claiming that a state corrections officer violated his Eighth Amendment rights by using excessive force. Both parties have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. The Court will grant Defendant's motion for summary judgment and deny Wenhold's competing Rule 56 motion.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I.   **FACTUAL BACKGROUND**[2]

The factual backdrop to this matter is brief and uncomplicated. Wenhold was formerly incarcerated at the State Correctional Institution, Mahanoy.[3] In his complaint, he alleged that, on November 23, 2020, defendant Correctional Officer H. Smith "attempted to break [his] left wrist" and caused him "a lot of pain and discomfort."[4] Wenhold contended that Smith had used excessive force and violated the Pennsylvania Department of Corrections (DOC) Correctional Officer code of ethics.[5]

The undisputed record reflects that on November 23, 2020, Wenhold—who had never had contact with Smith prior to the alleged incident—was upset because he had not received his commissary.[6] In response to not receiving his commissary

---

[2]   Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. *Id.* Both statements must include "references to the parts of the record that support the statements." *Id.* Defendant Correctional Officer H. Smith filed an appropriate statement of material facts concurrently with his motion for summary judgment. *See* Doc. 23. Wenhold did not properly respond to this statement of facts (even after being granted an extension of time), instead filing only a statement of material facts in support of his own Rule 56 motion. *See* Doc. 28. Smith timely responded to Wenhold's statement of material facts. *See* Docs. 34, 37. Accordingly, Smith's statement of material facts in support of his motion for summary judgment will be deemed admitted unless plainly contradicted by the record. *See* LOCAL RULE OF COURT 56.1.
[3]   Doc. 1 ¶¶ 1, 3, 4.
[4]   *Id.* ¶ 1.
[5]   *Id.*
[6]   Doc. 23 ¶ 1-3.

2

order, he cut himself with his cellmate's razor.[7] Wenhold had no intention of committing suicide but did intend to "hurt [him]self."[8]

Smith witnessed Wenhold attempting to injure himself and intervened.[9] He and several other corrections officers then began to escort Wenhold to the medical department.[10] When Wenhold learned that he was being taken to medical in response to his self-harm, he—in his own words—"flipped out."[11] Wenhold testified that he was afraid of a male nurse in the medical department who had allegedly touched Wenhold "inappropriately" during a prior visit, and admits that he "started acting up" when the officers attempted to transport him to medical.[12] Wenhold further admits that he "got a little loud," then "started resisting," and possibly "head-butted" a door, even though the officers had attempted to get him to calm down through verbal commands.[13] Additionally, Wenhold concedes that during the escort, he began to intentionally tighten his handcuffs to cause further self-harm due to his anxiety.[14]

---

[7]  *Id.* ¶ 4.
[8]  *Id.* ¶ 5; Doc. 24-1, Sept. 18, 2023 Wenhold Dep. 20:2-4. [hereinafter "Wenhold Dep. __:__"].
[9]  Doc. 23 ¶ 6.
[10] *Id.* ¶¶ 6, 10.
[11] *Id.* ¶ 7; Wenhold Dep. 20:23-25.
[12] Doc. 23 ¶¶ 7-8; Wenhold Dep. 21:4-21.
[13] Doc. 23 ¶¶ 9, 11.
[14] *Id.* ¶¶ 12, 13; Wenhold Dep. 25:13-22.

As to Smith's alleged conduct, Wenhold testified in his deposition that Smith "twisted" his wrist in response to Wenhold manipulating his handcuffs.[15] According to Wenhold, Smith was using a "special hold" to gain compliance per his corrections training, but then he performed the hold incorrectly by twisting Wenhold's wrist.[16] Wenhold acknowledged that the force used (*i.e.*, twisting his wrist) was applied in an attempt to get Wenhold to comply with Smith's verbal orders to stop manipulating his handcuffs.[17]

Wenhold filed suit in this Court in November 2022 after attempting to exhaust administrative remedies.[18] He asserts a Section 1983 claim of Eighth Amendment excessive force against Smith.[19] Smith moved for summary judgment on October 13, 2023.[20] Wenhold moved for summary judgement on November 11,

---

[15]   *See* Wenhold Dep. 26:2, 4.
[16]   Doc. 23 ¶¶ 14-15.
[17]   *Id.* ¶ 16.
[18]   *See generally* Doc. 1; Doc. 1-1.
[19]   *See* Doc. 1 ¶ 1. Wenhold also alleges that Smith violated the DOC's Correctional Officer code of ethics, (*see id.* ¶ 2; Doc. 27-3), but such an allegation does not state a claim upon which relief may be granted and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is well settled that mere violation of an internal policy or regulation does not, in itself, amount to a constitutional infringement. *See Atwell v. Lavan*, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2007) (explaining that "a prison policy manual does not have the force of law and does not rise to the level of a regulation" and that "a violation of internal policy does not automatically rise to the level of a Constitutional violation") (citations omitted); *Bullard v. Scism*, 449 F. App'x 232, 235 (3d Cir. 2011) (nonprecedential) (explaining that, even if prison officials violated a regulation, such a violation "is not actionable"); *Jordan v. Rowley*, No. 1:16-CV-1261, 2017 WL 2813294, at *2 (M.D. Pa. June 29, 2017); *Williamson v. Garman*, No. 3:15-CV-1797, 2017 WL 2702539, at *6 (M.D. Pa. June 22, 2017); *see also United States v. Jiles*, 658 F.2d 194, 200 (3d Cir. 1981) (noting that even violations of state law will not automatically have a "constitutional dimension").
[20]   Doc. 22.

2023.[21]  Smith timely opposed Wenhold's Rule 56 motion.[22]  Although Wenhold requested an extension of time to respond to Smith's Rule 56 motion and that request was granted,[23] Wenhold never filed an opposition brief or responsive statement of material facts to Smith's Rule 56 motion.  The time for Wenhold to do so has long since passed.  Accordingly, both motions for summary judgement are ripe for disposition.

**II.    STANDARD OF REVIEW**

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[24]  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[25]  Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[26]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a

---

[21]  Doc. 26.
[22]  *See* Docs. 34-37.
[23]  *See* Docs. 38, 39.
[24]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[25]  FED. R. CIV. P. 56(a).
[26]  *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (*quoting Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).

genuine issue for trial."[27] The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[28] This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[29] A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]."[30] Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.[31]

Courts are permitted to resolve cross-motions for summary judgment concurrently.[32] When doing so, the court is bound to view the evidence in the light most favorable to the non-moving party with respect to each motion.[33]

## III. DISCUSSION

Wenhold brings an Eighth Amendment claim of excessive force against Smith. Because the Rule 56 record conclusively establishes that the force applied

---

[27] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[28] *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).
[29] *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).
[30] *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).
[31] *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).
[32] *See Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d Cir. 2008); *see also Johnson v. Fed. Express Corp.*, 996 F. Supp. 2d 302, 312 (M.D. Pa. 2014); 10A CHARLES ALAN WRIGHT et al., FEDERAL PRACTICE AND PROCEDURE § 2720 (3d ed. 2015).
[33] FED. R. CIV. P. 56; *Lawrence*, 527 F.3d at 310 (quoting *Rains v. Cascade Indus.*, 402 F.2d 241, 245 (3d Cir. 1968)).

by Smith was not excessive, the Court will grant Smith's motion for summary judgment and deny Wenhold's competing Rule 56 motion.

In a Section 1983 claim for excessive force, the "pivotal inquiry" is whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."[34] The factors analyzed when making this inquiry include: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response."[35] The Eighth Amendment, however, "does not protect an inmate against an objectively *de minimis* use of force."[36]

Review of the foregoing factors demonstrates that the force applied by Smith, even when viewed in a light most favorable to Wenhold, was not excessive. First, there was a clear and obvious need to use force: Wenhold had attempted to harm himself with a razor, was being escorted to medical and was "flipping out"

---

[34] *Ricks v. Shover*, 891 F.3d 468, 480 (3d Cir. 2018) (quoting *Smith v. Mensinger*, 293 F.3d 641, 649 (3d Cir. 2002)).
[35] *Id.* (quoting *Smith*, 293 F.3d at 649).
[36] *Smith*, 293 F.3d at 649 (citation omitted).

and "resisting," was attempting to cause further self-harm by tightening his handcuffs, and was failing to respond to verbal orders.

Second, the amount of force used by Smith was slight in comparison to the need for the use of force. Smith "twisted" Wenhold's wrist to get him to comply. According to Wenhold's own testimony, that is the full extent of the force applied by Smith. When compared to the need for the use of force (*i.e.*, getting Wenhold to comply with orders, stopping him from resisting escort to medical, and keeping him from causing further self-harm), the amount of force applied was minimal.

The extent of the injury inflicted was likewise minimal. Wenhold has provided no evidence of serious injury or harm from Smith's use of force, nor any evidence of causation. Wenhold has not, for example, proffered medical records, a medical diagnosis or test results, or any other medical evidence substantiating his assertion that Smith injured his wrist on the day in question. In fact, Wenhold cannot even recall if he mentioned his purported wrist injury to medical on the day of the incident when he was treated for his self-inflicted injuries.[37] At most, Wenhold asserted during his deposition that he "still [has] a little pain" and that he "had to downgrade [his power] tools to lightweight tools."[38]

---

[37] *See* Wenhold Dep. 26:11-25 (testifying that he could not recall if he complained about wrist pain because he was "focused on the pretty nurse" who treated him in the medical department).
[38] *Id.* at 28:4-20, 32:1-12.

Fourth, the threat of injury to Wenhold and corrections officers was real and known to Smith. Wenhold, after all, initiated the incident by cutting himself with his cellmate's razor. Wenhold additionally admitted that he was attempting to cause further self-harm by tightening his own handcuffs during the escort to medical. Smith's use of force was in response to a clear threat to Wenhold's physical safety, as well as possible injury to Smith and other escorting officers due to Wenhold's concededly uncontrolled and belligerent behavior.

Finally, the record demonstrates that corrections officers attempted to curtail Wenhold's self-injurious and resistant behavior by first using verbal commands. Wenhold even admits that, before resorting to physical force, Smith gave Wenhold a verbal order to stop tightening the handcuffs, albeit in an allegedly unprofessional manner.[39] Thus, Smith attempted to temper the severity of his responsive use of force.

In sum, none of the above-referenced factors cuts in favor of Wenhold's claim of excessive force. Wenhold, therefore, has failed to establish that there is a genuine issue for trial regarding whether the force applied by Smith on November 23, 2020, was excessive. Indeed, the undisputed Rule 56 record plainly demonstrates that the force Smith used under the circumstances was reasonable as

---

[39] Wenhold alleges that Smith threatened, "Stop it Wenhold or I'll break your wrist." Doc. 1-1 at 1.

a matter of law. Consequently, the Court will grant Smith's motion for summary judgment. For the same reasons, the Court will deny Wenhold's cross-motion for summary judgment.

## IV. CONCLUSION

Based on the foregoing, the Court will grant Smith's motion for summary judgment and deny Wenhold's cross-motion for summary judgment. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge